UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| ANTOINE ANDRE<br>9411 Lee HWY #1210<br>Fairfax, VA 22031<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Axios Systems, Inc.<br>2411 Dulles Corner Park<br>Suite 475<br>Herndon, VA 20171-5605<br><br>　Serve: CT Corporations<br>　　　　　System<br>　　　　　4701 Cox Road, Ste 285<br>　　　　　Glen Allen, VA<br>　　　　　23060-6808,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Antoine Andre, by undersigned counsel, and complains of Defendant Axios Systems, Inc. as follows:

## NATURE OF THE CASE

1. Plaintiff was excelling at his new position as a Sales Associate for Defendant. Plaintiff received positive feedback from his supervisor and was establishing productive relationships with his peers and management. But, everything changed after Plaintiff informed his supervisor, Craig Valentine, that he was a Christian and asked him to stop using religious slurs in the office. After this, Mr. Valentine started to closely monitor

1

Plaintiff's work and whereabouts. Mr. Valentine denied Plaintiff a draw on his commission, even though Mr. Valentine previously informed Plaintiff that he could have a draw on his commission and had allowed commission draws for other employees. Then, Mr. Valentine terminated Plaintiff's employment.

2. Plaintiff brings this action to recover damages for religious discrimination and retaliation for requesting religious accommodations in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq*.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to Title VII.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant formerly employed Plaintiff in Virginia, and the alleged unlawful acts took place in Virginia in this judicial district.

## THE PARTIES

5. At all relevant times, Plaintiff was Defendant's employee within the meaning of and entitled to the protections of Title VII.

6. At all relevant times, Defendant was Plaintiff's employer within the meaning of and subject to the requirements of Title VII because Defendant employed more than fifteen employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff exhausted his administrative remedies by timely filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 22, 2019.

8. On July 10, 2020, Plaintiff's counsel received a Notice of Right to Sue letter.

9. Plaintiff timely files this Complaint within 90 days of the EEOC's issuance of the Notice of Right to Sue letter.

## FACTS

### *Background*

10. Plaintiff began working for Defendant as a Sales Associate in September 2018.

11. Plaintiff's first-line supervisor was Craig Valentine, Vice President of Sales.

### *Plaintiff is a Christian.*

12. Plaintiff identifies as a Christian.

13. Plaintiff regularly observes and practices Christianity.

### *Plaintiff overheard Defendant's employees use religious slurs and asked for religious accommodations.*

14. Shortly after Plaintiff began work, Plaintiff overheard his colleagues and Liz Skorny, Defendant's Inside Sales Manager, repeatedly say "god dammit" and "f___ing Jesus Christ."

15. Immediately after hearing this, Plaintiff called Ms. Skorny and informed her that as a Christian, he did not feel comfortable with this language being used at the office.

16. Plaintiff also asked Ms. Skorny to speak with the rest of the staff to let them know that as a Christian, he did not feel comfortable with the language they were using and to ask them to stop using religious slurs at the workplace.

17. Despite Plaintiff's complaint, neither the staff nor Ms. Skorny stopped using the religious slurs.

*Plaintiff overheard Mr. Valentine use religious slurs and asked him to stop as a religious accommodation.*

18. In or around October 2018, Plaintiff overheard Mr. Valentine repeatedly use religious slurs, including "god dammit" and "f___ing Jesus Christ," with prospective customers and staff members.

19. On October 8, 2018, Plaintiff sent Mr. Valentine an email asking him to stop using religious slurs as it offended Plaintiff as a Christian.

20. In his email, Plaintiff also asked Mr. Valentine to discuss the use of religious slurs with his colleagues because Plaintiff was not comfortable working in an environment with the repeated use of religious slurs.

*Mr. Valentine began to closely monitor Plaintiff and denied Plaintiff a draw on his commission.*

21. After Plaintiff informed Mr. Valentine that his use of religious slurs offended him as a Christian and requested that he stop using religious slurs in the office, Mr. Valentine started to closely monitor Plaintiff's work and his whereabouts.

22. Mr. Valentine did not similarly closely monitor the work and whereabouts of Complainant's colleagues.

23. Additionally, prior to Plaintiff's October 8, 2018 email, Mr. Valentine informed Plaintiff that he would help Plaintiff get a draw on his commission.

24. At that time, Mr. Valentine also told Plaintiff that Defendant have provided similar draws for other employees.

25. In or around mid-October 2018, Plaintiff sent Mr. Valentine a series of emails attempting to ask for an update on his earlier request to take a draw against his commission.

26. Mr. Valentine failed to respond to any of Plaintiff's emails.

27. Then, on November 6, 2018 Mr. Valentine told Plaintiff he could not authorize him to take a draw against his commission.

28. Mr. Valentine did not provide an explanation for why Plaintiff could not take a draw against his commission.

### *Mr. Valentine terminated Plaintiff's employment.*

29. On November 8, 2018, Mr. Valentine fired Plaintiff, claiming that Defendant's corporate office did not like Plaintiff's tone when asking for a draw against his commission.

30. Defendant's reasons for terminating Plaintiff are false.

31. Upon information and belief, Mr. Valentine was annoyed that Plaintiff asked for a religious accommodation when he asked him to stop using religious slurs.

32. Upon information and belief, Mr. Valentine terminated Plaintiff because he asked for a religious accommodation and because he is a Christian.

## COUNT 1

*(Religious Discrimination – Title VII)*

33. Plaintiff repeats and realleges each paragraph above, as if fully set forth herein.

34. Defendant terminated Plaintiff's employment because of Plaintiff's religion.

35. By and through its conduct, Defendant discriminated against Plaintiff in violation of Title VII.

36. Defendant's actions were intentional, reckless, and/or malicious.

37. As a result, Plaintiff incurred damages, including lost wages and benefits, pain and suffering, emotional distress, mental anguish, and/or punitive damages.

## COUNT 2

*(Retaliation for requesting religious accommodations- Title VII)*

38. Plaintiff repeats and realleges each paragraph above, as if fully set forth herein.

39. Defendant terminated Plaintiff's employment in retaliation for Plaintiff requesting religious accommodations.

40. By and through its conduct, Defendant discriminated against Plaintiff in violation of Title VII.

41. Defendant's actions were intentional, reckless, and/or malicious.

42. As a result, Plaintiff incurred damages, including lost wages and benefits, pain and suffering, emotional distress, mental anguish, and/or punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant on all Counts, and award Plaintiff reinstatement; lost wages and benefits; $300,000 in compensatory damages for pain and suffering and emotional distress; pre- and post-judgment interest; an amount equal to the tax on any award; costs; attorney's fees; punitive damages; and any such other relief as just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all Counts contained in the Complaint.

Date: October 6, 2020                                        Respectfully submitted,

Alan Lescht & Associates, P.C.

By:   */s/ Jack Jarrett*
      Jack Jarrett
      VSB #86176
      1825 K Street NW, Suite 750

Washington, DC 20006
T: 202.463.6036
F: 202.463.6067
jack.jarrett@leschtlaw.com
*Attorney for Plaintiff*